IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TABITHA N. WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 05-1186-T/An |
| | ) | |
| DAVID L. WOOLFORK, | ) | |
| | ) | |
| Respondent. | ) | |

---

ORDER DENYING PETITIONER'S MOTION FOR CHANGE OF VENUE

---

On July 5, 2005, petitioner Tabitha N. Webb filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis* and a motion for change of venue. The motion for change of venue also requests that the undersigned judge recuse himself from presiding over this action.

As grounds for a change of venue, petitioner states that there was extensive media coverage of her state court trial for animal cruelty in Madison County, Tennessee, which will make a fair and impartial trial in this case impossible. As this is a habeas petition, the possibility of media coverage having influenced potential jurors is not a factor. However, petitioner apparently asserts that the media coverage renders this judge unable to render an impartial decision on her petition. Petitioner also contends that recusal is necessary because she is "good friends of [Madison County General Sessions] Judge Christy Little, who

worked along with" Jeanie Todd, who is the judge's wife. Petitioner further contends that this judge "had a Shar-pei" from her place of business.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . .;
(4) He knows that he . . has a financial interest in the subject matter in controversy;
(5) He or his spouse . . . :
   (i) Is a party to the proceeding . . . ;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. U.S. v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citations omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] Davis v. C.I.R., 734 F.2d 1302, 1303 (8th Cir. 1984); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984); United States v. Story, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. United States v. Adams, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing Holt v. KMI Continental, Inc., 821 F. Supp. 846, 847 (D. Conn.1993)).

The reasons offered by the petitioner for recusal are insufficient to lead a reasonable, objective person to question this judge's impartiality in the present action. While there was

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky v. United States, 114 S. Ct. at 1147 (1994).

3

media coverage of the petitoner's state court trial, it was not so extensive that the undersigned is unable to render an unbiased decision. In addition, the fact that petitioner may be friends with Judge Little, who "worked along with" Jeanie Todd, is immaterial. There is no evidence that Judge Little had any role in petitioner's state court trial, which was presided over by Madison County Circuit Court Judge Roger A. Page. Finally, this judge does not own, and has never owned, a shar-pei or any other dog obtained from petitioner's establishment.

For all these reasons, petitioner's motion for change of venue and for recusal of this judge is DENIED.

Petitioner has also requested the recusal of Magistrate Judge S. Thomas Anderson and Judge J. Daniel Breen. It will be Magistrate Anderson's responsibility to rule on whether he should recuse himself. As for Judge Breen, this case is not assigned to him. If this case is ever transferred to Judge Breen, petitioner may renew her motion for recusal at that time.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

14 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01186 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Tabitha N. Webb
PO Box 1451
Jackson, TN 38302

Honorable James Todd
US DISTRICT COURT